## LEWIS REED

### *v.*

### THE CUMBERLAND MUTUAL FIRE INSURANCE CO.

1. Where a defendant claims by his answer the same benefit that he would have been entitled to had he demurred, and sets up a general denial of jurisdiction, he can only insist upon this defence at the hearing.

2. Where a bill calls for an answer to several distinct averments according to defendant's knowledge, information, remembrance and belief, an answer

Reed *v.* Cumberland Ins. Co.

merely denying knowledge is defective. It ought also to include defendant's information.

3. Where a bill asks for a discovery of the contents of a lost policy of insurance, an answer referring to a copy of such policy as annexed thereto, and having such copy annexed, is sufficient.

4. Where the bill states that the complainant desired more insurance on his premises, and so notified the defendants; that the defendants consented thereto, but declined taking such additional risk themselves, and by their agent directed complainant where to obtain it, an answer that this statement is untrue is defective. It ought to have added that no part of it is true.

5. Where the bill asserts that application for payment of the loss under complainant's policy was made to defendants, and makes allegations as to defendant's replies thereto, an answer setting forth the correspondence between the parties on that subject by letter, held unobjectionable.

6. Where the bill alleges that defendants had, after complainant's loss, made an assessment on his premium-note in order to pay another loss, and thereby waived any forfeiture for breach of condition of his policy, a denial in the answer that such an assessment had been made, coupled with an averment that if so it had been made through a mistake of defendants' agent, and that the amount of the assessment had been afterwards promptly tendered to complainant, may be permitted to stand.

7. Statements in the answer in this case in regard to the by-laws of the defendants (a mutual insurance company), and their binding effect on the complainant as a member of the company—*Held* not irrelevant.

8. Where the bill avers that the premises destroyed were worth $4,500, a declaration, in the answer, that complainant adjusted his claims against the other insurance companies which held risks thereon, on a basis that fixed the value of the insured premises at $2,500, is not impertinent.

---

Bill for relief. On objections to answer on notice under two hundred and tenth rule.

*Mr. J. J. Crandall* for complainant.

*Mr. W. E. Potter,* for defendant.

THE CHANCELLOR.

The bill is filed for discovery and relief upon a policy of insurance for $1,000, issued by the defendant to the complainant, upon a store and dwelling-house in Atlantic City. The premises insured were (as is alleged in the bill), together with the

policy, destroyed by fire during the continuance of the term for which the insurance was effected. The bill states the ownership of the premises by the complainant; the issuing of the policy to him; that after the delivery of the policy to him he built extensions and additions to the buildings, thus greatly increasing their value, and afterwards informed the defendant that he desired and intended to procure additional insurance on the buildings as so improved, and was informed by it that it had no objections; that it would carry no more insurance on the buildings; that it readily gave its consent to his getting additional insurance, and by its agent directed him to whom to apply therefor, and that he accordingly procured additional insurance to the amount of $3,000. It also states the assignment of the policy by the complainant to his father, with the consent of the defendant, as collateral security for a loan, which has been paid, so that the complainant is now the absolute owner of the policy; the total destruction of the premises, with the policy, by fire, and that they were, at the time of the loss, worth $4,500; and that the complainant has received from the other insurance before mentioned $3,000 on account of the loss; that the loss was without the complainant's procurement or fraud; that the policy contained conditions obligatory upon the insurer and insured, as well as conditions which were mutual to both, and by its destruction the complainant has lost the evidence of his contract of insurance with the defendant; that he is unadvised of its contents and has no means of finding them out, so that he is wholly unable to declare in a court of law in the terms of the policy, by appropriate pleading, he being entirely unable, for the want of knowledge, to set out and aver the performance specifically of any or all the conditions precedent in the policy; that with all convenient speed after the loss he furnished the defendant proof of his loss, and requested payment to the amount of $1,000; that about five months after the loss, the defendant pretended that the complainant had violated the condition of the policy by obtaining the other insurance upon the premises without its consent, and stated that it had two suits pending on precisely the same conditions, the ruling in which, if made general, would be

its guide in the settlement of all such cases, and that until such
ruling was reached it would not pay any such claim; that as a
part of the consideration of the insurance taken from the de-
fendant the complainant executed to the defendant his promis-
sory note of $400, to be paid on assessments by the defendant
as the exigencies of its business should require, as a mutual
undertaking; that when the complainant demanded that the
defendant should perform its obligation of insurance by paying
his loss, he informed the defendant of the loss of the policy and
that he could not surrender it for cancellation; that the defend-
ant did not surrender his note, but on the contrary, while the·
negotiations for settlement were pending between them for the
payment of the loss, and while the complainant was in expecta-
tion of such payment ultimately, the defendant assessed him on
the note $10, and demanded payment of the assessment, with
which demand the complainant complied; and that the com-
plainant has, to the best of his knowledge, information and be-
lief, performed, in good faith, all and every of the conditions in
the policy to be performed on his part; and that the defendant,
by its act in keeping the contract open and executory, has in
equity estopped itself from insisting that there are any unper-
formed conditions precedent to the complainant's right to re-
cover.

The bill prays for an answer without oath, to the best of the
knowledge, remembrance, information and belief of the defend-
ant, and for a discovery of each and every condition contained in
the policy which may require any further performance of the
complainant as a condition or conditions precedent to his right to
have a decree in his favor against the defendant for $1,000; for a
discovery whether the defendant bound itself by writing obliga-
tory (the policy) to indemnify the complainant against loss by
fire as set forth in the bill; and if not, what the writing was,
setting forth its contents specifically; also, whether the defend-
ant holds the note given by the complainant as before stated, and
whether it has obtained the judicial decision referred to, and that
the defendant may be decreed to pay the amount of the loss.

The answer admits the issuing of the policy, referring for the

terms, amount, conditions of insurance and description of the property to the policy, and the written application for it, when they shall be produced, and states that the defendant, for convenience, annexes to the answer a true copy of both, and prays that they may be deemed and taken as part of the answer; that the defendant does not know, except from the bill, whether extensions and additions to the buildings were made, but denies that the complainant informed the defendant of his desire to procure the additional insurance, and that it consented thereto, and by its agent directed the complainant to whom to apply for such additional insurance, and that he, in obedience to such directions, procured additional insurance to the amount of $3,000, and alleges that, on the contrary, the additional insurance, if obtained by him, was obtained without the knowledge, consent or approval of the defendant, and in violation of the second condition of its policy issued to him, that condition being one of the by-laws of the company annexed to the policy, and by its terms made a part of it; that the defendant assented to the assignment to the complainant's father, but alleges that the defendant does not know, except by the bill, whether the complainant, at the time of the commencement of this suit, had discharged the trust and liens for which the policy was assigned, and leaves the complainant to make proof thereof. It denies that at the commencement of the suit there was any amount due on the policy to the complainant or any one else; states that the defendant has been informed and believes that the buildings described in the application and policy were partly or wholly destroyed by fire, as stated in the bill, but denies that they were worth $4,500, and avers, on information and belief, that they were not worth more than $2,500; it admits that the fire was without the procurement or fraud of the complainant, but states that the defendant does not know, except from the bill, whether the policy was destroyed in the fire or not, and leaves the complainant to make proof as to that fact. It admits that the policy contained conditions obligatory upon both insurer and insured, and states that they are exactly set forth in the copy of the application and of the policy annexed to the answer, but denies that the complainant is

wholly unadvised of the contents of the policy, or has no means of finding them out, and denies also that he is unable to declare in a court of law, for want of knowledge on that head, and insists that, on the contrary, a court of law is the appropriate and only tribunal in which to make his claim for indemnity. It admits that after the fire the complainant made proof of the loss, and alleges that subsequently its secretary wrote a letter to the complainant (which is set forth), refusing to pay the loss, on the ground of the violation of the condition of the policy in obtaining the additional insurance; it states that the complainant never denied the statement made in that letter, so far as the defendant knows, until he did so by his bill, and that the defendant received a communication from the complainant's father on the subject of the claim (which letter is set forth in the answer), admitting such other insurance, but claiming that the money recovered thereunder did not amount to his debt, and that therefore the additional policies were of no value to the defendant.

The answer sets forth the defendant's reply to that letter at length, in which is contained the statement referred to in the bill in reference to the pendency of suits involving the same question, and it admits that a part of the consideration of the insurance by it was a note. It denies that when the complainant demanded payment of his claim he informed the defendant of the loss of his policy, and that it could not be surrendered up to be canceled, but admits that the defendant did not surrender to him the note. It states that it is not its custom to surrender the premium note of any of its members, and denies that it ever assessed the complainant on the note and demanded payment, but admits that a clerk in its office forwarded to its agent in Atlantic county a list of persons assessed in 1880, and by mistake, and without the knowledge and direction of any of its officers, included the complainant's name in the list as assessed to the amount of $10, and that the amount was paid to the agent by the complainant, as he alleges; but the defendant insists that he paid it for the express purpose of laying the foundation of a claim against the defendant in respect to the policy of insurance, which, it alleges, he knew was then forfeited and

void. And the answer says that on the discovery that the $10 had been paid, the defendant tendered the money back to the complainant, but he declined to receive it. It denies that the complainant performed all the conditions of the policy, and avers that in obtaining other insurance without its consent he violated one of the conditions of the policy, and alleges that the defendant had no knowledge of those insurances, or either of them, until it was informed thereof by complainant's proof of loss; that the defendant is a mutual company, and that the complainant, in taking the insurance, became a member of it, and was chargeable with a knowledge of its charter, by-laws, resolutions and conditions of insurance; and it further states that because the premises were not worth, at the time of the loss, more than $2,500, the complainant adjusted his loss with the other two companies at sixty per centum of the face of their policies.

To consider the objections. As to the demurrer in the answer for want of jurisdiction: The complainant objects to the demurrer, on the ground that it cannot be maintained, inasmuch as by reason of the loss of the instrument under which he claims indemnity, equity is the appropriate tribunal for the redress of his grievance. It is to be remembered that the question on this motion is not whether the demurrer can be sustained, but whether it is competent for the defendant to insert such demurrer in his answer. The defendant may claim by the answer the same benefit that he would have been entitled to if he had demurred to the bill, or pleaded the matter alleged in his answer in bar; but in such case it is only at the hearing of the cause that any such benefit can be insisted upon. He will, however, then, in general, be entitled to all the same advantage of this mode of defence that he would have had if he had adopted the more concise mode of demurring or pleading. *1 Dan. Ch. Prac. 715; Wray* v. *Hutchinson, 2 M. & K. 235, 238, 242; Milligan* v. *Mitchell, 1 M. & C. 433, 447; Clark* v. *Flint, 22 Pick. 231; Ludlow* v. *Simond, 2 Cai. Cas. in Err. 1, 40; Manning* v. *Merritt, Clarke Ch. 97.* The demurrer in question, therefore, should be allowed to stand.

The bill alleges that after the insurance had been effected the complainant built extensions and additions to the insured buildings, greatly increasing their value. The defendant answers that as to them it has no knowledge except from the bill. Such an answer is not sufficient. The bill calls upon the defendant to answer according to its knowledge, information, remembrance and belief. An answer merely denying knowledge and leaving the complainant to make proof, is not a compliance with the requisites of good pleading in this respect. The defendant should answer as to its information as well as knowledge.

The answer admits the issuing of a policy, and states that, for convenience, the defendant annexes to the answer true copies of the application and policy, which it prays may be deemed and taken to be a part of the answer. It is insisted that this is not proper pleading. In fact, on an inspection of the answer, it appears that the papers referred to are not annexed; but the policy should be so while the application should not. There is no call in the bill for the latter. However, no objection is made on that ground. The bill asks for a particular discovery as to the policy and its contents; it certainly can be no ground of objection that the defendant makes discovery by annexing a copy of the document to its answer, making it a part thereof by a reference thereto.

The next objection is that the defendant denies literally and as a whole the important statement contained in the bill, that the complainant desired to procure additional insurance on the buildings as improved, and that the defendant assented thereto, and, by its agent, directed him to whom to apply for such additional insurance, and that he, in obedience to the agent's direction, obtained such insurance. It is a requisite of pleading, that if the fact be laid to be done with divers circumstances, the defendant must not deny or traverse it literally, as it is laid in the bill, but must answer the point and substance positively and certainly. *Gres. Eq. Ev. 24.* It will have been seen that in this case the statement of the bill is that the complainant desired more insurance, and notified the defendant of it; that the latter consented to the obtaining of more insurance, but declined

to take it itself, and, by its agent, directed the complainant where to obtain such additional insurance. The answer responds that this statement is untrue, but it does not say that no part of it is true. It proceeds to say, indeed, that the additional insurance was obtained without its knowledge, consent or approval, but wherever there are particular, precise charges they must be answered particularly and precisely, and not in a general manner, although the general answer may amount to a full denial of the charge. *Story's Eq. Pl.* § *851.*

The defendant has answered to the statement of the bill in respect to the satisfaction of the debt for which the assignment was made, that it has no knowledge on the subject except from the bill. The complainant objects that this answer is not full. This objection has been before considered in reference to another part of the answer. The defendant should answer on information as well as knowledge.

In answering the statement touching the fact of the destruction of the insured premises by fire, the defendant denies that the premises were worth $4,500 (as alleged in the bill) at the time of the fire, and says they were not worth more than $2,500; this is a direct answer to the bill and unobjectionable.

The answer to the allegation that the policy was destroyed, is merely upon knowledge; it should be upon information also.

In answering the complainant's statement of his reasons for coming into equity for relief, the defendant responds with a general denial of the jurisdiction. The answer, in this respect, for the reasons heretofore given, is not liable to exception.

In the statement of the bill in regard to the application of the complainant for payment of his loss, allegations are made as to the replies which were made to it by the defendant. In the answer, on this point, the defendant states the correspondence which took place by letter. One of the letters was written by its secretary to the complainant; another by the complainant's father's attorney to the company, and the third is a reply of the company to that letter. These documents are not prolix, and there seems to be no reasonable objection to this method of ad-

Reed v. Cumberland Ins. Co.

mitting the statements in question; that is, by setting forth the correspondence in which they are contained.

The bill states that after the loss and demand for payment, and while the claim of the defendant was held in abeyance by the defendant, the latter assessed the complainant on his premium note, and that he paid the assessment accordingly. This, the complainant insists, is a waiver of objection to the alleged breach of condition in obtaining the additional insurance. The defendant, by the answer, alleges that the assessment in question was made by mistake; and that when the mistake was discovered the money paid was tendered back to the complainant, who refused to take it. The complainant's counsel urges that the denial of the making of the assessment, and the admission that it was made by mistake, are inconsistent; that the defendant, by the answer, admits the facts stated by the complainant as the evidence of waiver, and seeks to avoid the effect of them by averring that the assessment was made under such circumstances (through mistake) as not to estop the company. The question of waiver, under similar circumstances, was considered in *Combs* v. *Shrewsbury Ins. Co., 7 Stew. Eq. 403.* But the case is not now before me on final hearing on bill and answer. The question to be decided now is, whether, if the allegation of mistake be true, it may be material to the defence. I surely cannot undertake to say that it will not, and more I ought not to say on this motion. The pleadings, in the respect under consideration, should be permitted to stand.

To the averment of the bill that the complainant performed all the conditions of the policy, and that the defendant by its acts (referring to the assessment) waived all breaches thereof, the defendant answers with a denial, alleging the breach of the condition in respect to other insurance, and insisting that the policy, by reason thereof, was rendered void. The statement of the bill is merely a general statement of the complainant's claim as to the liability of the defendant, and the answer, on the other hand, is simply a general statement of the position of the defendant in denial thereof.

The statements in the answer, in regard to the by-laws of the

·company, and their binding effect upon the complainant as a member of the company, are not irrelevant, and should be permitted to stand.

The allegation that the complainant adjusted his claim for the loss with the other insurance companies, on the basis of the valuation of the insured premises, at $2,500, is not impertinent in view of the complainant's averment that the premises were worth $4,500. It is, in fact, a statement that the complainant in that way admitted that the premises were, in fact, not worth more than $2,500.

The result of the foregoing considerations is, that the objections made to the form of the answer, because certain of the denials are upon knowledge alone, are sustained, as is also the objection made as to the mode of answering the statements of the bill as to the consent of the company to the additional insurance, and the circumstances under which the bill alleges it was given. The rest are overruled. The complainant is entitled to the costs of the motion.